## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOYCE HENDERSON               *
1124 Clark Avenue
Waldorf, Maryland  20602,      *

        Plaintiff,        *

    vs.               *
                           Civil Action No.:

AMERICAN EAGLE PROTECTIVE  *
SERVICES CORPORATION
(d/b/a American Eagle Protective Services) *
Suite 300
3755 Capital of Texas Hwy.      *
Austin, TX  78704,
                     *

       SERVE ON:  The Corporation  
       Trust, Incorporated       *
       2405 York Road, Suite 201
       Timonium, Maryland  21093,  *

        Defendant.       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CIVIL COMPLAINT FOR RELIEF, AND JURY DEMAND

Plaintiff Joyce Henderson, by and through undersigned counsel, Joseph T. Mallon, Jr., Esq., Mallon LLC, herein states and alleges, for her civil Complaint:

### I.   Introduction

1.   Plaintiff Joyce Henderson seeks redress for unlawful employment practices perpetrated by the Defendant, American Eagle Protective Services Corporation, in violation of the U.S. Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § § 2-1401.01, *et seq.*  Defendant unlawfully discriminated against Plaintiff Henderson on the basis of sex/gender, and/or unlawfully retaliated against her.  Plaintiff hereby

demands compensatory damages, punitive damages, other relief identified below, attorneys' fees and other litigation expenses, and other appropriate relief.  Furthermore, Plaintiff demands a trial by jury.

## II. Jurisdiction and Venue

2.     This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331, 1343, and/or 42 U.S.C. § 2000e-5(f).  This Court has federal diversity jurisdiction of the case per 28 U.S.C. § 1332.  Venue properly lies in this judicial District per 28 U.S.C. § 1391 and/or 42 U.S.C. § 2000e-5(f). Supplemental jurisdiction of this Court properly lies over Plaintiff's DCHRA cause of action, *see* 28 U.S.C. § 1367, including as the Title VII claims are part of the same case or controversy as the DCHRA claims.  The actions Plaintiff complains of herein occurred and/or arose (in whole or in part) in the District of Columbia.

3.     Plaintiff filed a Charge of Discrimination regarding act(s)/omission(s) complained of herein with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about June 29, 2018, the Charge being cross-filed with the D.C. Office of Human Rights.  On March 20, 2019, the EEOC issued Plaintiff a Right-to-Sue Notice. Plaintiff has exhausted her administrative remedies with respect to matters complained of herein.  Plaintiff has complied with all preconditions and/or performed each act(s) called for (and/or required) to file this civil action.

## III.     Parties

4.     At times relevant herein, Plaintiff Joyce Henderson is a woman (female) domicile of the State of Maryland and citizen of the United States.

5.     Defendant American Eagle Protective Services Corporation, d/b/a American Eagle Protective Services (herein, also, "American Eagle") is an active Texas corporation, with principal offices at Suite 300, 3755 Capital of Texas Highway, Austin, Texas, 78704.   Defendant conducts regular, substantial business in the District of Columbia.   As to matters alleged herein, Defendant was acting through its employees, servants, agents, principals, officers, directors, and/or affiliates.

### IV.     Facts Common to All Counts

6.     Plaintiff Henderson began working for Defendant American Eagle in or about October of 2013, as security officer / special police officer.   Plaintiff Henderson worked a lieutenant position ("Lt."), with a managerial role.

7.     In or about April of 2016, a subordinate of Plaintiff Henderson's, Officer Jones, made sexual advances directed to Plaintiff Henderson.   After Plaintiff rebuffed those advances, Officer Jones filed a sham complaint against Plaintiff Henderson for spending too much time with a co-worker.   Thereafter, Officer Jones' behavior toward Plaintiff was a continuing problem at work.   Officer Jones was routinely insubordinate. On multiple occasions, Plaintiff gave Jones direct instruction to do certain things, which Officer Jones refused.   Whenever Plaintiff would report such deficiencies involving Officer Jones to her American Eagle superiors, Plaintiff was ignored, insulted, and/or harassed.   Plaintiff Henderson complained to Capt. Brooks, regarding Officer Jones' improper behaviors; Capt. Brooks responded that there was a report that Plaintiff was having sex with a co-employee at work – as if adopting that statement, and using it against Plaintiff – when there was zero factual basis for the statement and zero basis that

the statement would justify Officer Jones interfering with the performance of Plaintiff's job duties (Jones, being motivated by discriminatory animus).[1]

8.      The statement that Plaintiff Henderson was supposedly having sex at work (which was untrue) was repeated to her.  Such untrue statements were demeaning and insulting to Plaintiff, and such statements were designed, and had the effects of, being unlawful gender discrimination.

9.      At relevant times, Defendant American Eagle employee Peter Covington was Plaintiff's direct supervisor.  During a meeting between Plaintiff Henderson, Mr. Covington, and Officer Jones in 2016, Officer Jones stated, in front of Mr. Covington (in substance), 'you came down here [i.e., work] in a dress with no underwear on'; the sexist statement was completely inappropriate, and caused Plaintiff to terminate the meeting. Mr. Covington did nothing to reprimand Mr. Jones, nor did Defendant American Eagle do anything meaningful to countervail the hostility that the statement brought to the workplace for Plaintiff Henderson.  Plaintiff later made complaint of the incident to American Eagle HR, who did nothing.  (In addition to matters stated herein, Defendant American Eagle had (actual or constructive) knowledge of multiple incidents involving sexist/improper treatment of women by Officer Jones, including violence against women.)  Mr. Jones continued to make this type of statement (i.e., 'no underwear'), over the years.  Several weeks after the Covington-Henderson-Jones meeting, Plaintiff expressed her frustration to Mr. Covington about Jones' ongoing improper conduct; Mr.

---

[1]  Approximately 2016 or before, Officer Jones made an improper sexual proposition to Plaintiff, at work.  Jones approached Plaintiff, placed a hand on her face, and stated (in substance):  'That hair color makes your skin look like cinnamon,' as Jones ran his hand down Plaintiff's face.  Plaintiff immediately responded that they should keep their relationship professional.

Covington stated to Plaintiff Henderson that if she made a charge involving Jones, she could be fired for using profanity.

10.    Mr. Covington, on multiple occasions, sexistly and inappropriately, referred to Plaintiff Henderson as "Joey's girl" ("Joey," presumably being a reference to Joe Ortman).   Mr. Covington also stated to Plaintiff Henderson unlawful, improper sexual propositions, for example making to her the sexually propositioning statement (in substance):  'when are you going to let me come to Waldorf?'

11.    For employer Defendant American Eagle, Mr. Covington treated women differently than men, including by the way he spoke to women (vs. men).   Mr. Covington shouted at Ms. Henderson improperly, including one time when Mr. Covington yelled (in substance):  'you need to stay your ass here, to complete two schedules' (this was ironic, because it was actually Mr. Covington's work to perform).   Mr. Covington did not treat male employees in this manner.   Mr. Covington was orally reprimanded by Project Manager Joe Ortman for this behavior (Mr. Ortman having witnessed it).

12.    One time, when Plaintiff Henderson advised Capt. Brooks that she could not 'hold-over' (i.e., *electively* work past the scheduled shift ending time) – because Plaintiff had to take her granddaughter to school – Capt. Brooks stated to Ms. Henderson (in substance):  'you're full of shit.'   Plaintiff is not aware of Capt. Brooks speaking to American Eagle male employees in this manner.   Promptly after this, Peter Covington stated to Plaintiff that if she was asked to hold-over, she had to hold-over (even though it was unscheduled, optional work); Plaintiff's male colleagues were not held to this standard – as one example, Lt. Sims (male) rarely if ever worked hold-over.   Generally,

Lt. Sims was repeatedly and consistently given scheduling preferences over Plaintiff Henderson (the latter having greater seniority), wrongfully based on sex.

13.     In the approximate 2016-17 period, Lt. Sims was hired.   Defendant American Eagle paid Lt. Sims more (or the same) for less work performance duties than Plaintiff Henderson performed.   For instance, Plaintiff was responsible for making the schedule and completing certain paperwork, that Lt. Sims did not perform.   Also, Defendant's payment to Plaintiff of a 'night differential' was discriminatory, based on gender, as compared to payment amounts made to male colleagues.   Matters in this paragraph are unlawful sex discrimination against Plaintiff by Defendant.

14.     On January 18, 2018, Plaintiff Henderson filed a written internal complaint of sexual discrimination with American Eagle.   Plaintiff Henderson was being treated differently (and adversely), compared with her male co-workers.

15.     Immediately after filing the American Eagle internal complaint, Defendant began to retaliate against, and ostracize, Plaintiff, while she worked.   American Eagle management would assign Plaintiff work tasks without advising Plaintiff that she had been assigned the tasks – causing Plaintiff not to complete tasks (of which she was not aware) and/or to rush, last minute, to complete the tasks.   American Eagle was engaged in unlawful retaliation against Plaintiff.

16.     On or about March 8, 2018, no one advised Plaintiff of a 'lock-out' at work.   Plaintiff found out about the lock-out only by chance, while she worked her shift. If Plaintiff had not performed her lock-out-related duties, she would have been subject to employment discipline.   Not being notified of lock-out had never happened before; in fact, usually, Plaintiff was informed by multiple persons, given the importance of

complying with lock-out duties.   This failure to notify Plaintiff of lock-out was intentional by Defendant American Eagle, and an effort by Defendant to set up Plaintiff for (unlawful, pretextual) termination.

17.     Plaintiff's American Eagle supervisor, Peter Covington, engaged in verbally threatening and/or harassing conduct towards Plaintiff, but did not engage in such conduct towards Plaintiff's similarly situated, male co-workers – this includes instances when the male co-workers committed severe (or more severe, comparably) infractions.   On or about March 15, 2018, Peter Covington and other American Eagle management terminated Plaintiff's employment without stating any reason.   Comparable male colleagues were not terminated for committing such significant infractions at work as sleeping at work, negligently discharging a weapon at work, and leaving a loaded weapon unattended; Plaintiff had never been disciplined before her termination – the difference in Defendant's treatment being unlawful retaliation / sex discrimination.

18.     At the March 15 termination meeting, attended by Plaintiff, Mr. Covington, and others, American Eagle stated to Plaintiff (in substance):   "Ms. Henderson at this time we're terminating your employment, and unemployment will not be contested."   The statement that "unemployment will not be contested" was an admission by Defendant American Eagle that no 'for cause' grounds existed to justify Plaintiff's employment termination.   Plaintiff was terminated from her American Eagle employment, in fact, on the basis of unlawful sex discrimination and/or unlawful retaliation.

## COUNT I

### Violation of Title VII - Discrimination

19.     Plaintiff realleges, and adopts by reference in this Count, all of the foregoing allegations as if set forth fully herein.

20.     Plaintiff suffered intentional discrimination, by Defendant, because of her sex/gender (female) in violation of 42 U.S.C. § 2000e-2(a)(1).  Plaintiff was improperly limited, segregated, and/or classified in violation of § (a)(2).

21.     Plaintiff was discriminated against, by Defendant, with respect to the terms and conditions of her employment with the Defendant as a direct result of her sex/gender.

22.     As a direct and proximate result of Defendant's conduct complained of herein, Plaintiff has proximately suffered substantial monetary / pecuniary losses (and/or damages) – including lost wages / earnings / earnings capacity - as well as proximately suffering severe humiliation, mental anguish, anxiety, emotional distress, pain, suffering, inconvenience, and/or other non-economic / solatium damages.  Herein, Defendant acted intentionally, with malice, and/or with reckless indifference to its obligations under Title VII.

WHEREFORE, Plaintiff Joyce Henderson hereby demands judgment against Defendant American Eagle Protective Services Corporation for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation denied or lost (or any actual monetary losses sustained by the employee as a result of the violation(s) complained of herein), as well as non-economic / solatium damages, in an amount to be determined at trial no less than $200,000; punitive (or exemplary) damages

as allowed by law, in an amount to be determined at trial no less than $200,000;

reinstatement (and/or front pay in lieu of reinstatement in an amount to be proven and

determined at trial); interest as allowed by law; for such legal and/or equitable relief as

may be appropriate, including back pay, full restoration of benefits, and/or promotion; an

award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the

action; and such other and further relief as the nature of Plaintiff's cause requires.

**COUNT II**

**Violation of Title VII - Retaliation**

23.     Plaintiff realleges, and adopts by reference in this Count, all of the

foregoing allegations as if set forth fully herein.

24.     Plaintiff was retaliated against in violation of U.S. Title VII for engaging

in legally protected activity.  Defendant directly and/or by and through its employees

(and/or other privies) intentionally, with malice (and/or reckless indifference to its

obligations under Title VII) retaliated against Plaintiff for engaging in protected activity.

25.     The retaliatory conduct Plaintiff was subjected to by Defendant

constituted unlawful retaliation including because the terms and conditions of Plaintiff's

employment were adversely affected/altered, in fact caused by Defendant employer's

response to Plaintiff engaging in protected activity; and/or a reasonable employee in

Plaintiff's circumstances would have found the (challenged) adverse action(s) materially

adverse – meaning, it well might have dissuaded a reasonable worker from making or

supporting a charge of discrimination.  By its actions alleged herein, Defendant has

unlawfully retaliated / discriminated against Plaintiff on the basis of her sex/gender.

Plaintiff suffered an unlawful employment action, including:  Defendant unlawfully

9

(purportedly) terminated Plaintiff.  Defendant unlawfully retaliated against Plaintiff for Plaintiff opposing one or more practices made unlawful by Title VII and/or because Plaintiff made a charge, testified, assisted, and/or participated in any manner in an investigation, proceeding, and/or litigation under Title VII.

26.     Defendant and its managers/supervisors (and/or other privies) had knowledge of the retaliation against Plaintiff, detailed herein.  Defendant could have and legally should have taken steps that would have prevented the deprivation of Plaintiff's federal rights, but chose not to do so.

27.     As a direct and proximate result of Defendant's conduct complained of herein, Plaintiff has proximately suffered substantial monetary / pecuniary losses (and/or damages) – including lost wages / earnings / earnings capacity - as well as proximately suffering severe humiliation, mental anguish, anxiety, emotional distress, pain, suffering, inconvenience, and/or other non-economic / solatium damages.  Herein, Defendant acted intentionally, with malice, and/or with reckless indifference to its obligations under Title VII.

WHEREFORE, Plaintiff Joyce Henderson hereby demands judgment against Defendant American Eagle Protective Services Corporation for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation denied or lost (or any actual monetary losses sustained by the employee as a result of the violation(s) complained of herein), as well as non-economic / solatium damages, in an amount to be determined at trial no less than $200,000; punitive (or exemplary) damages as allowed by law, in an amount to be determined at trial no less than $200,000; reinstatement (and/or front pay in lieu of reinstatement in an amount to be proven and

determined at trial); interest as allowed by law; for such legal and/or equitable relief as may be appropriate, including back pay, full restoration of benefits, and/or promotion; an award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the action; and such other and further relief as the nature of Plaintiff's cause requires.

## COUNT III

### Violation of DCHRA - Discrimination

28.     Plaintiff realleges, and adopts by reference in this Count, all of the foregoing allegations as if set forth fully herein.

29.     The D.C. Human Rights Act (or "DCHRA") is codified at D.C. Code § 2-1401.01, *et seq*.  Section 1401.01 states:  "It is the intent of the Council of the District of Columbia, in enacting this chapter, to secure an end in the District of Columbia to discrimination for any reason other than that of individual merit . . . ."  Prohibited grounds of discrimination specifically identified by § 2-1401.01 include the grounds of: sex (gender).  D.C. Code § 2-1402.01 states that every individual shall have an equal opportunity to participate fully in the economic, cultural and intellectual life of the District and to have an equal opportunity to participate in all aspects of life, including, but not limited to, in employment.  As alleged herein, (a) Plaintiff was a member of a protected class (i.e., female), (2) Plaintiff was qualified for an employment position, (3) she was terminated (and/or suffered other adverse effect(s) upon the terms/conditions/privileges of her employment), and (4) a substantial factor (or the only factor) in that employment termination (and/or other unlawful discrimination) was Plaintiff's membership in the protected class.

30.     D.C. Code § 2-1402.11(a)(1) prohibits an employer from discharging an individual on identified discriminatory grounds, among other prohibitions.  D.C. Code § 2-1402.11(b) also prohibits an employer from engaging in "subterfuge" in termination, as involving discriminatory termination.

31.     D.C. Code § 2-1403.16 authorizes a person aggrieved by discrimination under the DCHRA to bring a private cause of action.  Remedies afforded by the DCHRA include reinstatement with back pay; compensatory damages; reasonable attorneys' fees; and punitive damages.  *See id.*; *see also* § 2-1403.13(a)(1).  Many provisions of the DCHRA are broader than federal law:  an overriding difference is that in enacting the DCHRA, the Council of the District of Columbia intended to go above and beyond the protections afforded to employees by Title VII; the DCHRA not only enumerates more protected classes than Title VII, but also states the intent stated in D.C. Code § 2-1401.01.

32.     As a direct and proximate result of Defendant's conduct complained of herein, Plaintiff has proximately suffered substantial monetary / pecuniary losses (and/or damages) – including lost wages / earnings / earnings capacity - as well as proximately suffering severe humiliation, mental anguish, anxiety, emotional distress, pain, suffering, inconvenience, and/or other non-economic / solatium damages.  Herein, Defendant acted intentionally, with malice, and/or with reckless indifference to its obligations under applicable law.

WHEREFORE, Plaintiff Joyce Henderson hereby demands judgment against Defendant American Eagle Protective Services Corporation for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation

denied or lost (or any actual monetary losses sustained by the employee as a result of the violation(s) complained of herein), as well as non-economic / solatium damages, in an amount to be determined at trial no less than $200,000; punitive (or exemplary) damages as allowed by law, in an amount to be determined at trial no less than $200,000; reinstatement (and/or front pay in lieu of reinstatement in an amount to be proven and determined at trial); interest as allowed by law; for such legal and/or equitable relief as may be appropriate, including back pay, full restoration of benefits, and/or promotion; an award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the action; and such other and further relief as the nature of Plaintiff's cause requires.

## COUNT IV

### Violation of DCHRA - Retaliation

33.    Plaintiff realleges, and adopts by reference in this Count, all of the foregoing allegations as if set forth fully herein.

34.    Part of the DCHRA, D.C. Code § 2-1402.61 states:

### § 2-1402.61. Coercion or retaliation.

(a) It shall be an unlawful discriminatory practice to coerce, threaten, retaliate against, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under this chapter.

(b) It shall be an unlawful discriminatory practice for any person to require, request, or suggest that a person retaliate against, interfere with, intimidate or discriminate against a person, because that person has opposed any practice made unlawful by this chapter, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing authorized under this chapter.

(c) It shall be an unlawful discriminatory practice for any person to cause or coerce, or attempt to cause or coerce, directly or indirectly, any person to prevent any person from complying with the provisions of this chapter.

35.     As to matters alleged herein, (a) Plaintiff was engaged in a protected activity and/or opposed practices made unlawful by the DCHRA; (b) Defendant employer took one or more adverse actions against Plaintiff; and (c) a causal connection existed between Plaintiff's protected activity / opposition and the adverse action(s) taken against Plaintiff employee.  A reasonable employee in Plaintiff's circumstances would have found the (challenged) adverse action(s) materially adverse – meaning, it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

36.     As a direct and proximate result of Defendant's conduct complained of herein, Plaintiff has proximately suffered substantial monetary / pecuniary losses (and/or damages) – including lost wages / earnings / earnings capacity - as well as proximately suffering severe humiliation, mental anguish, anxiety, emotional distress, pain, suffering, inconvenience, and/or other non-economic / solatium damages.  Herein, Defendant acted intentionally, with malice, and/or with reckless indifference to its obligations under applicable law.

WHEREFORE, Plaintiff Joyce Henderson hereby demands judgment against Defendant American Eagle Protective Services Corporation for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation denied or lost (or any actual monetary losses sustained by the employee as a result of the violation(s) complained of herein), as well as non-economic / solatium damages, in an amount to be determined at trial no less than $200,000; punitive (or exemplary) damages

as allowed by law, in an amount to be determined at trial no less than $200,000; reinstatement (and/or front pay in lieu of reinstatement in an amount to be proven and determined at trial); interest as allowed by law; for such legal and/or equitable relief as may be appropriate, including back pay, full restoration of benefits, and/or promotion; an award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the action; and such other and further relief as the nature of Plaintiff's cause requires.

Respectfully submitted,

**MALLON LLC,**

_/s/ Joseph T. Mallon, Jr._

Joseph T. Mallon, Jr. (D.C. Bar No. 441376)
Suite 815
300 East Lombard Street
Baltimore, Maryland  21202
(410) 727-7887
Fax:  (410) 727-4770
jmallon@mallonllc.com

_Counsel for Plaintiff Joyce Henderson_

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE HENDERSON | * |
| 1124 Clark Avenue | |
| Waldorf, Maryland  20602, | * |
| | |
| Plaintiff, | * |
| | |
| vs. | * |
| | Civil Action No.: |
| AMERICAN EAGLE PROTECTIVE | * |
| SERVICES CORPORATION | |
| (d/b/a American Eagle Protective Services) | * |
| Suite 300 | |
| 3755 Capital of Texas Hwy. | * |
| Austin, TX  78704, | |
| | * |
| SERVE ON:  The Corporation | |
| Trust, Incorporated | * |
| 2405 York Road, Suite 201 | |
| Timonium, Maryland  21093, | * |
| | |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>PRAYER FOR JURY TRIAL</u>

Plaintiff Henderson prays and demands a trial by jury as to all issues so triable.

**MALLON LLC,**

_____/s/ Joseph T. Mallon, Jr._____
Joseph T. Mallon, Jr. (D.C. Bar No. 441376)
Suite 815
300 East Lombard Street
Baltimore, Maryland  21202
(410) 727-7887
Fax:  (410) 727-4770
jmallon@mallonllc.com

*Counsel for Plaintiff Joyce Henderson*